# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**DERRICK JOHN GRAVES**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-160

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 46-year-old with ties to Lansing and the Detroit area. There is some question about the extent of his substance abuse since he gave statements inconsistent with the prior federal presentence report. However, nothing serious is known. Defendant has been diagnosed with Type II diabetes and high blood pressure, for which he takes medication. His income supports his wife and her three children, one of whom is a handicapped 12-year-old.

Defendant does have a lengthy criminal record going back nearly 20 years when he was (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community in light of defendant's lengthy, and apparently ongoing, criminal record. The defendant has occurred several substantial prison terms in the past, and his argument that he was not violating his most recent supervised release (as opposed to his earlier parole violations) is undermined by the number of federal charges which have apparently occurred since  he was (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 13, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:11-cr-00160-JTN  ECF No. 33 filed 06/14/11  PageID.64  Page 2 of 2

United States v. **DERRICK JOHN GRAVES**
1:11-CR-160
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

convicted of two counts of armed robbery, along with a felony firearm.  He was sentenced to 3 to 10 years in prison for the armed robbery charges and a mandatory 2-year sentence ran concurrent for the felony firearm charge.  He was subsequently paroled but violated his parole by not reporting and was returned to prison.  He was eventually paroled again, but while on parole the second time was charged with possession with the intent to deliver heroin, which resulted in a 5 to 20-year prison term.  The following year he was convicted of conspiring to distribute a controlled substance and distribution of heroin in federal court and given a 15-year prison sentence to run concurrent with the state sentence.

Defendant was ultimately discharged from supervised release on August 19, 2010.  Unfortunately, by that time, he had apparently entered into a conspiracy charge and a SNAP fraud.

Following his discharge from supervised release, the government asserts that he has, on six different occasions during 2010 and the beginning of 2011, distributed either crack cocaine or heroin.  On January 31st of this year, he was caught on tape attempting to sell a firearm to an undercover officer, which resulted in a felon in possession charge.

**Part II - Written Statement of Reasons for Detention** - (continued)

discharged from supervised release less than a year ago.  The court would make the same finding even in the absence of an unrebutted presumption for the same reasons.